RECEIVED
MAY 2 3 2011
PHILLABAUM, LEDLIN,
MATTHEWS & SHELDON, PLLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 799 VAP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

FILED

1   Karl W. Kime, Cal. Bar No. 143696
    PHILLABAUM, LEDLIN, MATTHEWS
2   & SHELDON, PLLC
    421 West Riverside Ave., Suite 900
3   Spokane, Washington 99201
    (509) 838-6055 (tel)
4   (509) 625-1909 (fax)

LODGED
CLERK, U.S. DISTRICT COURT

MAY 19 2011

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

2011 MAY 20  PM 3: 09

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

5
6   Attorneys for Defendant
    SOUTHEASTERN CALIFORNIA
    CONFERENCE OF
7   SEVENTH-DAY ADVENTISTS

8

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12         ED  CV  11  -  00799                (DTBx)

13  RONALD BOWES,                    | Case No.:

14              Plaintiff,           | NOTICE OF REMOVAL OF ACTION,
         v.                          | UNDER 28 U.S.C. § 1441(b)
15                                   | (FEDERAL QUESTION)
    CHRISTIAN RECORD SERVICES, a
16  Maryland Corporation; SOUTHEASTERN
    CALIFORNIA CONFERENCE OF
17  SEVENTH-DAY ADVENTISTS, an entity of
    unknown form; NORTH AMERICAN
18  DIVISION OF THE GENERAL
    CONFERENCE OF SEVENTH-DAY
19  ADVENTISTS, an entity of unknown form;
    THE GENERAL CONFERENCE OF
20  SEVENTH-DAY ADVENTISTS, an entity of
    unknown form; LARRY PITCHER, an
21  individual; KEITH ELLIOTT, an individual;
    SHERRICK HISCOCK, an individual;
22  DWAYNE BULLOCK, an individual; RON
    RIGBY, an individual; and DOES 1 to 50,
23  inclusive,

24              Defendants.

25

26

27

28

                              1
                NOTICE OF REMOVAL (FEDERAL QUESTION)

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE that Defendant Southeastern California Conference of Seventh-day

3    Adventists ("Defendant") hereby removes to this Court the state court action described below:

4    1. On June 1, 2010, an action was commenced in the Superior Court of the State of California in

5    and for Riverside County, entitled *RONALD BOWES, Plaintiff, v. CHRISTIAN RECORD SERVICES, a*

6    *Maryland Corporation; SOUTHEASTERN CALIFORNIA CONFERENCE OF SEVENTH-DAY*

7    *ADVENTISTS, an entity of unknown form; NORTH AMERICAN DIVISION OF THE GENERAL*

8    *CONFERENCE OF SEVENTH-DAY ADVENTISTS, an entity of unknown form; THE GENERAL*

9    *CONFERENCE OF SEVENTH-DAY ADVENTISTS, an entity of unknown form; LARRY PITCHER, and*

10   *individual; KEITH ELLIOTT, an individual; SHERRICK HISCOCK, an individual; DWAYNE*

11   *BULLOCK, an individual; RON RIGBY, an individual; and DOES 1 to 50, inclusive,* as case number

12   RIC 10010776, attached hereto as Exhibit A.

13   2. The first date upon which Defendant received a copy of the said complaint was April 20,

14   2011, when Defendant was served with a copy of the said complaint and summons from the state court.

15   A copy of the summons is attached as Exhibit B.

16   3. This action is a civil case of which this court has original jurisdiction under 28 U.S.C. §1331,

17   and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C.

18   §1441(b), in that it arises under 42 U.S.C. §§12101, et seq., also known as the Americans With

19   Disabilities Act.  The case also raises claims based on other employment-related theories, of which this

20   Court has supplemental jurisdiction under 28 U.S.C. §1367.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27

28

---
2
**NOTICE OF REMOVAL (FEDERAL QUESTION)**

1       4.  To the Defendant's knowledge at the time of filing this Notice, no other defendants in the

2   action have been served with the summons and complaint and thus need not join in this Notice.

3

4

5   Date: May  /  8  , 2011                    PHILLABAUM, LEDLIN, MATTHEWS & SHELDON, PLLC

6

7

8   By: _____
    KARL W. KIME, SBN 143696

9   Attorneys for Defendant
    SOUTHEASTERN CALIFORNIA CONFERENCE OF SEVENTH-
    DAY ADVENTISTS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL (FEDERAL QUESTION)

# EXHIBIT A



Jeffrey Lemasters Tahir, Esq. (SB# 216412)
LAW OFFICES OF JEFFREY LEMASTERS TAHIR
P.O. Box 1002
Riverside, CA 92502
(951) 640-7947
Fax: (951) 848-9575

Attorney for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 01 2010
J. Dorame

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF RIVERSIDE

RONALD BOWES,

        Plaintiff

    vs.

CHRISTIAN RECORD SERVICES, a Maryland Corporation; SOUTHEASTERN CALIFORNIA CONFERENCE OF SEVENTH DAY ADVENTISTS, an entity of unknown form; NORTH AMERICAN DIVISION OF THE GENERAL CONFERENCE OF SEVENTH DAY ADVENTISTS, an entity of unknown form; THE GENERAL CONFERENCE OF SEVENTH DAY ADVENTISTS, an entity of unknown form; LARRY PITCHER, an individual; KEITH ELLIOTT, and individual; SHERRICK HISCOCK, an individual; DWAYNE BULLOCK, an individual; RON RIGBY, an individual; and DOES, 1-50, inclusive,

        Defendants.

CASE NO.: RIC 10010776

COMPLAINT FOR:

1. WRONGFUL TERMINATION;
2. DISCRIMINATION ON THE BASIS OF DISABILITY;
3. VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT;
4. VIOLATION OF AMERICANS WITH DISABILITIES ACT;
5. BREACH OF CONTRACT;
6. FRAUD; and
7. WAGE & HOUR VIOLATIONS.

    COMES NOW, Plaintiff, RONALD BOWES, (hereinafter, "PLAINTIFF"), and alleges as follows:

///

## GENERAL ALLEGATIONS

### (Jurisdiction, Venue, and Parties)

1. This Court has jurisdiction over all causes of action asserted herein pursuant to the <u>California Constitution, Article VI, §10,</u> because this case is a cause not given by statute to other trial courts.

2. This Court has jurisdiction over each defendant named herein because each is an individual, corporation or association which has sufficient minimum contacts with California or otherwise intentionally avails himself or itself of the markets within California to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice.

3. Venue is proper in this Court because one or more of the Defendants maintains executive offices in this county, a substantial portion of the transactions and wrongs complained of herein - including the Defendants' primary participation in the wrongful acts including the acts of DOES 1 through 50 detailed herein - occurred in this county, and Defendants have received substantial compensation in this county by doing business here and by engaging in numerous activities which had an effect in this county.

4. PLAINTIFF is an individual residing in the County of Riverside.

5. PLAINTIFF is informed and believes, and on that basis alleges, that CHRISTIAN RECORD SERVICES is a Maryland Corporation, which operates within the County of Riverside, California.

6. PLAINTIFF is informed and believes, and on that basis alleges, that NORTH AMERICAN DIVISION OF THE GENERAL CONFERENCE OF SEVENTH DAY ADVENTISTS, is an entity of unknown form, based in Silver Spring, Maryland, but operating within the County of Riverside, California.

7. PLAINTIFF is informed and believes, and on that basis alleges, that THE GENERAL CONFERENCE OF SEVENTH DAY ADVENTISTS is an entity of unknown form, based in Silver Spring, Maryland, but operating within the County of Riverside, California.

8. PLAINTIFF is informed and believes, and on that basis alleges, that SOUTHEASTERN CALIFORNIA CONFERENCE OF SEVENTH DAY ADVENTISTS is an entity of unknown form based in the County of Riverside, California.

9. PLAINTIFF is informed and believes, and on that basis alleges, that LARRY PITCHER, is an individual residing in Nebraska.

10. PLAINTIFF is informed and believes, and on that basis alleges, that KEITH ELLIOTT is an individual residing in Nebraska.

11. PLAINTIFF is informed and believes, and on that basis alleges, that SHERRICK HISCOCK is an individual residing in Grass Valley, California.

12. PLAINTIFF is informed and believes, and on that basis alleges, that DWAYNE BULLOCK  is an individual with an unknown residence.

13. PLAINTIFF is informed and believes, and on that basis alleges, that RON RIGBY is an individual with an unknown residence.

14. PLAINTIFF is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and, therefore, sues these Defendants by such fictitious names.  PLAINTIFF is informed and believes and on that basis alleges that each of the fictitiously named Defendants in some way proximately caused and is legally responsible for the damages and occurrences alleged in this Complaint.  PLAINTIFF will amend this Complaint to allege the true names of DOES 1 through 50 when ascertained.

15. CHRISTIAN RECORD SERVICES, NORTH AMERICAN DIVISION OF THE GENERAL CONFERENCE OF SEVENTH DAY ADVENTISTS, THE GENERAL CONFERENCE OF SEVENTH DAY ADVENTISTS, SOUTHEASTERN CALIFORNIA CONFERENCE OF SEVENTH DAY ADVENTISTS, LARRY PITCHER, KEITH ELLIOTT, SHERRICK HISCOCK, DWAYNE BULLOCK, RON RIGBY and Defendants, DOES 1 through 50, inclusive, are hereinafter collectively referred to as, "DEFENDANTS."

16. PLAINTIFFS are informed and believe and on that basis allege that at all times mentioned in this Complaint, Defendants, and each of them, and Defendants, DOES 1



through 50, inclusive, were acting as agents and/or employees of each other, were acting within the scope of the authority of such agency and/or employment and were acting with the permission and consent of each other.

17. PLAINTIFF alleges that Defendants, and each of them, in performing the acts or omissions alleged herein, did take such action, at least in part, directed at PLAINTIFF, while PLAINTIFF was residing in the County of Riverside, California and while PLAINTIFF was employed by DEFENDANTS within the County of Riverside, California, and while PLAINTIFF was physically in the County of Riverside, California.

18. PLAINTIFF filed a charge with the Department of Fair Employment and Housing and with the Equal Employment Opportunities Commission.

19. The Equal Employment Opportunities Commission issued a "Right to Sue" letter on March 3, 2010. A copy of the Right to Sue letter is attached hereto and incorporated herein as Exhibit "A."

20. PLAINTIFF requests jury trial.

## GENERAL ALLEGATIONS

### (Statement of Facts)

21. PLAINTIFF has been denominationally employed for a period exceeding 25 years.

22. In or about February 1997, PLAINTIFF was hired by DEFENDANT, CHRISTIAN RECORD SERVICES, which is an entity beholden to DEFENDANT, NORTH AMERICAN DIVISION OF THE GENERAL CONFERENCE OF SEVENTH DAY ADVENTISTS, DEFENDANT, SOUTHEASTERN CALIFORNIA CONFERENCE OF SEVENTH DAY ADVENTISTS, and DEFENDANT, GENERAL CONFERENCE OF SEVENTH DAY ADVENTISTS.

23. PLAINTIFF is informed and believes and on that basis alleges that PLAINTIFF was hired as a "Director of Public Relations."

24. In or about July 2004, PLAINTIFF suffered a heart attack while working for DEFENDANTS.

25. PLAINTIFF continued and continues to have complications related to his heart condition.

26. PLAINTIFF's heart condition has affected his activities of daily living.

27. PLAINTIFF was released back to work, in a modified capacity.

28. PLAINTIFF's job duties were such that they could easily have been modified to accommodate PLAINTIFFS work restrictions.

29. In or about December 2004, DEFENDANTS offered PLAINTIFF the position of "Pacific District Director."

30. PLAINTIFF relocated to California, partially in order to be able to accept the offered position.

31. In or about January 2005, PLAINTIFF accepted the position of "Pacific District Director."

32. DEFENDANTS refused to honor the position which had been offered and accepted.

33. In or about  January 2005, DEFENDANTS stated that PLAINTIFF was no longer an employee in good standing.

34. In or about February 2005, DEFENDANTS offered a reinstatement to a demoted position of "Senior Representative."

35. In or about February 2005, PLAINTIFF accepted the demoted position.

36. DEFENDANTS refused to give PLAINTIFF support for the position and did not issue items necessary for performance of the position until approximately one year after acceptance.  During the one year period, PLAINTIFF continued to raise revenue for DEFENDANTS, for which some of the standard recognition or credit was denied by DEFENDANTS.

37. In or about January 2006, DEFENDANTS refused to honor the salary previously offered for the demoted position and reduced PLAINTIFF to straight commission.

38. Subsequent to January 2006, PLAINTIFF was paid a straight commission from funds raised and was not paid pursuant to applicable minimum wage laws.



39. As a result of PLAINTIFF's medical conditions, PLAINTIFF requested minor accommodations to which DEFENDANTS stated, "If I had a job that made me sick, I'd get another job."

40. PLAINTIFF filed his first complaint of Disability Discrimination with the Department of Fair Employment and Housing.

41. PLAINTIFF filed his first complaint of Disability Discrimination with the Equal Employment Opportunities Commission on or about January 11, 2007.

42. On or about July 10, 2007, the parties entered into a Settlement Agreement and Release, relative to the first complaint of Disability Discrimination.  A copy of the Settlement Agreement and Release is attached hereto and incorporated herein as Exhibit, "A."

43. Pursuant to the Settlement Agreement and Release, DEFENDANTS were to make payment to PLAINTIFF, including an itemized statement supporting such payment, within 10 days.  The payment was not issued until December 14, 2007 and the itemized statement was not issued until June 9, 2008.

44. Pursuant to the Settlement Agreement and Release, DEFENDANTS were to reassign PLAINTIFF to a Full Time Position with benefits.  This was not done.

45. Pursuant to the Settlement Agreement and Release, DEFENDANTS were to provide PLAINTIFF with direct mail leads.  A complete copy of the direct mail leads was not timely provided.  PLAINTIFF is informed and believes and on that basis alleges that, to date, he has not been provided with a complete copy of the direct mail leads.

46. Pursuant to the Settlement Agreement and Release, DEFENDANTS were not engage in any denigration or disparagement of PLAINTIFF.  DEFENDANTS continually disparaged PLAINTIFF for the remainder of his employment with DEFENDANTS. PLAINTIFF is informed and believes and on that basis alleges that he continues to be disparaged and denigrated by DEFENDANTS.

47. Following the Settlement Agreement and Release, PLAINTIFF returned to employment with DEFENDANTS.

48. Following the Settlement Agreement and Release, DEFENDANTS diminished PLAINTIFF'S job duties.

49. Following the Settlement Agreement and Release, DEFENDANTS intimidated and disparaged PLAINTIFF.  PLAINTIFF is informed and believes and on that basis alleges that such action was based upon the filing of the first complaint of discrimination and based upon PLAINTIFF's medical disability.

50. On or about March 13, 2008, PLAINTIFF was terminated by DEFENDANTS.

51. PLAINTIFF is informed and believes and on that basis alleges, that the termination was as a result of PLAINTIFF's medical disability and was in retaliation for the filing of the first complaint of discrimination.

52. On or about October 20, 2008, PLAINTIFF filed a second complaint of discrimination with the Equal Employment Opportunity Commission, Charge Number 480-2008-03455, alleging retaliation and discrimination in violation of the Americans With Disabilities Act of 1990.  A copy of the Charge of Discrimination is attached hereto and incorporated herein as Exhibit, "B."

53. A copy of the Right to Sue letter, issuing from the Equal Employment Opportunity Commission is attached hereto and incorporated herein as Exhibit, "A."

## FIRST CAUSE OF ACTION
### (Wrongful Termination against All Defendants)

54. PLAINTIFF incorporates Paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55. PLAINTIFF has a diagnosed disability in the form of a cardiac condition.

56. PLAINTIFF is receiving medical treatment for his diagnosed disability.

57. PLAINTIFF continues to be able to perform the essential job duties of his position, despite his disability.

58. PLAINTIFF requires minor modifications to his job duties, as a result of his recognized medical disability.

59. In or about July 2004, PLAINTIFF informed DEFENDANTS of his disability.

60. n or about March 13, 2008, DEFENDANTS terminated PLAINTIFF.

61. PLAINTIFF contends that his termination is in retaliation for his filing of the first complaint of discrimination.

62. PLAINTIFF contends that his termination is as a result of his disability.

## SECOND CAUSE OF ACTION

### (Discrimination against All Defendants)

63. PLAINTIFF incorporates Paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64. On multiple occasions, PLAINTIFF was disparaged as a result of his disability.

65. On multiple occasions, PLAINTIFF was disparaged as a result of the filing of the first complaint of discrimination.

66. Despite appropriate requests, DEFENDANTS refused to reasonably accommodate PLAINTIFF'S disability and instead stated that he should leave if his job made him sick.

67. PLAINTIFF was demoted at least four times following his heart attack in July 2004. PLAINTIFF contends that each demotion was the direct result of his disability.

68. PLAINTIFF was subject to ongoing and continuous harassment, degradation and ridicule.

69. PLAINTIFF contends that the behavior, as discussed above, was primarily or solely as a result of his disability and the filing of the first complaint of discrimination.

## THIRD CAUSE OF ACTION

### (Violation of Fair Employment and Housing Act against All Defendants)

70. PLAINTIFF incorporates Paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71. As outlined above, PLAINTIFF was subject to ongoing and continuous harassment, degradation and ridicule.

72. As outlined above, DEFENDANTS failed to grant a change of position to PLAINTIFF for which PLAINTIFF was well-qualified and to a position which had been offered to PLAINTIFF.

73. As outlined above, PLAINTIFF was demoted at least three times.

74. As outlined above, PLAINTIFF has a disability which falls within the meaning of the Americans With Disabilities Act.

75. DEFENDANTS were informed of PLAINTIFF's disability in or about July 2004.

76. DEFENDANTS terminated PLAINTIFF from their employment on or about March 13, 2008.

77. The termination of PLAINTIFF was solely or primarily the result of PLAINTIFF's disability and in retaliation for a claim of discrimination on the basis of disability, in direct contravention to the meaning of the Fair Employment and Housing Act.

### FOURTH CAUSE OF ACTION

#### (Violation of Americans with Disabilities Act against All Defendants)

78. PLAINTIFF incorporates Paragraphs 1 through 77 of this Complaint as if fully set forth herein.

79. As outlined above, PLAINTIFF was subject to ongoing and continuous harassment, degradation and ridicule.

80. As outlined above, DEFENDANTS failed to grant a change of position to PLAINTIFF for which PLAINTIFF was well-qualified and to a position which had been offered to PLAINTIFF.

81. As outlined above, PLAINTIFF was demoted at least three times.

82. As outlined above, PLAINTIFF has a disability which falls within the meaning of the Americans With Disabilities Act.

83. DEFENDANTS were informed of PLAINTIFF's disability in or about July 2004.

84. DEFENDANTS terminated PLAINTIFF from their employment on or about March 13, 2008.

85. The termination of PLAINTIFF was solely or primarily the result of PLAINTIFF's disability and in retaliation for a claim of discrimination on the basis of disability, in direct contravention to the meaning of the Americans With Disabilities Act.

### FIFTH CAUSE OF ACTION

#### (Breach of Contract against All Defendants)

86. PLAINTIFF incorporates Paragraphs 1 through 53 of this Complaint as if fully set forth herein.



87. PLAINTIFFS allege that, on or about July 10, 2007, a written agreement was made between DEFENDANTS and PLAINTIFF, as outlined above.

88. As outlined above, the essential terms of the agreement included payment by DEFENDANTS to PLAINTIFF within 10 days of the agreement, substantiation for the amount of such payment within 10 days of the agreement, reinstatement of employment, provision of documents and information necessary for employment, and non-disparagement of the parties in exchange for dismissal of the first complaint of discrimination.

89. Beginning on or about July 20, 2007 and continuing, DEFENDANTS breached the contract by failing to provide timely payment, substantiation for payment, reinstatement of employment, documents and information necessary for employment, and by disparaging PLAINTIFF.

90. PLAINTIFF has performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of the contract, except any which have been excused or rendered impossible due to the multiple breaches by DEFENDANTS.

91. As a result of DEFENDANTS' breaches of contract, PLAINTIFF has suffered damages in an amount subject to proof at the time of trial, but exceeding $25,000.00.

92. PLAINTIFF is entitled to attorney fees by an agreement or a statute in an amount according to proof.

## SIXTH CAUSE OF ACTION
### (Fraud against All Defendants)

93. PLAINTIFF incorporates Paragraphs 1 through 53 and 87 through 92 of this Complaint as if fully set forth herein.

94. On or about July 10, 2007, DEFENDANTS represented to PLAINTIFF that DEFENDANTS would pay PLAINTIFF a sum according to proof within 10 days of the representation, provide adequate proof the sum paid within 10 days of the representation, reinstate PLAINTIFF's employment to full time status, provide



PLAINTIFF with documents and information necessary to employment, and refrain from disparagement of PLAINTIFF.

95. The representations made by DEFENDANTS were in fact false. The true facts were that DEFENDANTS had no intention of paying PLAINTIFF any sum of money within 10 days or subsequent to such term, of providing adequate proof the sum paid within 10 days or subsequent to such term, reinstating PLAINTIFF's employment to full time status, providing PLAINTIFF with documents and information necessary to employment, and refraining from disparagement of PLAINTIFF.

96. When DEFENDANTS made these representations, DEFENDANTS knew them to be false and made these representations with the intention to deceive and defraud PLAINTIFF and to induce PLAINTIFF to act in reliance on these representations in the manner hereafter alleged, or with the expectation that PLAINTIFF would so act.

97. PLAINTIFF, at the time the representations were made by DEFENDANTS and at the time PLAINTIFF took the actions herein alleged, was ignorant of the falsity of DEFENDANTS' representations and believed them to be true. In reliance on these representations, PLAINTIFF was induced to and did enter into the Settlement Agreement and Release (Exhibit, "A," hereto) and dismiss the first complaint of discrimination. Had PLAINTIFF known the actual facts, he would not have taken such action. PLAINTIFF's reliance on DEFENDANTS' representations was justified in that DEFENDANTS proposed and drafted the Settlement Agreement and Release as a result of a mediation of the first complaint of discrimination and all parties were represented at such mediation.

98. As a proximate result of the fraudulent conduct of DEFENDANTS as herein alleged, PLAINTIFF spent money and endured charges, PLAINTIFF relied on employment, dismissed a valid discrimination complaint, and has suffered expenses, lost wages, lost benefits, stress, and increased medical costs by reason of which PLAINTIFF has been damaged in a sum according to proof.

99. The aforementioned conduct of DEFENDANTS was an intentional misrepresentation, deceit, or concealment of a material fact or facts known to DEFENDANTS with the

intention on the part of DEFENDANTS of thereby depriving PLAINTIFF of property or legal rights or otherwise causing injury, and was despicable conduct that subjected PLAINTIFF to a cruel and unjust hardship in conscious disregard of PLAINTIFF's rights, so as to justify an award of exemplary and punitive damages.

## SEVENTH CAUSE OF ACTION

### (Wage & Hour Violation against All Defendants)

100.    PLAINTIFF incorporates Paragraphs 1 through 53 of this Complaint as if fully set forth herein.

101.    PLAINTIFF was demoted at various times during his employment with DEFENDANTS.

102.    As a result of one or more of PLAINTIFF's demotions, PLAINTIFF was placed on a straight commission payment, meaning that PLAINTIFF was paid solely a percentage of the funds raised for DEFENDANTS.

103.    While on a straight commission payment, PLAINTIFF continued to be required to report to DEFENDANTS all of his hours worked and provide a log of hours worked and funds obtained.

104.    PLAINTIFF's commission was less than the applicable minimum wage based upon the hours worked for multiple and continuous pay periods.

105.    PLAINTIFF requested payment per the minimum wage requirements but was denied same.

106.    PLAINTIFF filed a complaint with the California Department of Labor Standards Enforcement Office on or about September 12, 2008.

107.    As a result of the underpaid and unpaid wages, PLAINTIFF has suffered and continues to suffer from lost wages and interest on said wages.

WHEREFORE, Plaintiff prays for judgement against Defendants, and each of them as set forth below:

1.  For lost wages in an amount according to proof at trial but not less than $25,000;

2.  For expenses resulting from independent payment of benefits;

3. For consequential damages resulting from lost wages, lost employment, and/or lost benefits;

4. For reinstatement to full-time employment, with all benefits, promotions and seniority provided;

5. For underpaid or unpaid wages in an amount according to proof at trial but not less than $25,000.00;

6. For punitive and exemplary damages;

7. For interest at the legal rate;

8. For reasonable attorney's fees;

9. For costs of suit herein incurred; and

10. For such other and further relief as the court may deem proper.

DATED: May 17, 2010

Respectfully submitted,

By:
Jeffrey Lorenstein Tahir, Esq.
Attorney for Plaintiff

Jeffrey Lemasters Tahir, Esq. (SB# 216412)
LAW OFFICES OF JEFFREY LEMASTERS TAHIR
P.O. Box 1002
Riverside, CA 92502
(951) 640-7947
Fax: (951) 848-9575

Attorney for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| RONALD BOWES, | CASE NO.: |
| Plaintiff | VERIFICATION OF COMPLAINT |
| vs. | |
| CHRISTIAN RECORD SERVICES, an entity of unknown form; NORTH AMERICAN DIVISION OF THE GENERAL CONFERENCE OF SEVENTH DAY ADVENTISTS, an entity of unknown form; SOUTH EASTERN CALIFORNIA CONFERENCE OF SEVENTH DAY ADVENTISTS, an entity of unknown form; THE GENERAL CONFERENCE OF SEVENTH DAY ADVENTISTS, an entity of unknown form; LARRY PITCHER, an individual; KEITH ELLIOTT, and individual; SHERRICK HISCOCK, an individual; DWAYN BULLOCK, an individual; RON RIGBY, an individual; and DOES, 1-50, inclusive, | |
| Defendants. | |

I have read the foregoing Complaint, alleging Wrongful Termination, Discrimination On The Basis Of Disability, Violation Of Fair Employment And Housing Act, Violation Of Americans With Disabilities Act, Breach Of Contract, Fraud, and Wage & Hour Violations. I

VERIFICATION OF COMPLAINT

-1-

have reviewed the allegations of the Complaint in its entirety.  I verify that the allegations are true to the best of my knowledge as of the date of this verification, except those allegations which are stated under information and belief, and as to those allegations, I believe them to be true.

I declare under Penalty of Perjury, under the laws of the State of California, that the foregoing information is true and correct.

Executed on January 12, 2010, at Riverside, California.

By: _Ronald Bowes_

RONALD BOWES
Plaintiff

VERIFICATION OF COMPLAINT

-2-

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  Ronald Bowes
     11769 Quiet Lane
     Riverside, CA 92505

From:  San Diego Local Office
       555 W. Beech Street
       Suite 504
       San Diego, CA 92101

[ ]  On behalf of person(s) aggrieved whose identity is
     CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2008-03455 | Maria B. Stern,<br>Local Office Director | (619) 557-7284 |

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Maria B. Stern,
Local Office Director

3/3/2010
(Date Mailed)

Enclosures(s)

cc:  James H. Kizzlar, Jr.
     Sandra R. White
     Bracewell & Giuliani
     106 S. St Mary's Street, Suite 800
     San Antonio, TX 78205-3603

Jeffrey Lemasters Tahir, Attorney at Law
P.O. Box 1002
Riverside, CA 92502

Exhibit A

**EXHIBIT B**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Jeffrey Lemasters Tahir, SB #216412
Law Office of Jeffrey Lemasters Tahir
P.O. Box 1002
Riverside, CA 92502

TELEPHONE NO.: (951) 640-7947      FAX NO. (Name): (951) 848-9575
ATTORNEY FOR (Name): Plaintiff, Ronald Bowes

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Main

CASE NAME:
Bowes v. Christian Record Services, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder | 10010776 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RIC DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 7
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 17, 2010
Jeffrey Lemasters Tahir
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2
Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]      **CIVIL CASE COVER SHEET**      Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

1              PROOF OF SERVICE

2

3        I am a citizen of the United States and am employed in the County of Spokane, State of
Washington.  I am over the age of eighteen years and am not a party to the above-entitled action.
4   My business address is Phillabaum, Ledlin, Matthews & Sheldon, PLLC, 421 West Riverside
Avenue, Suite 900, Spokane, Washington 99201.  On **May 18, 2011**, I served a true copy of
5   **NOTICE TO PLAINTIFF OF REMOVAL TO FEDERAL COURT; CERTIFICATE OF
SERVICE OF NOTICE TO PLAINTIFF OF NOTICE OF REMOVAL TO FEDERAL
6   COURT; NOTICE TO PLAINTIFF OF REMOVAL TO FEDERAL COURT; USDC
CDCA CIVIL COVER SHEET; CERTIFICATION AND NOTICE OF INTERESTED
7   PARTIES** on interested parties by placing true copies enclosed in a sealed envelope to the
recipients noted below, or on the attached service list:

8   Jeffrey Lemasters Tahir
LAW OFFICES OF JEFFREY LEMASTERS TAHIR
9   PO Box 1002
Riverside, CA 92502

10

11   _x_    BY MAIL as follows: I am readily familiar with the firm's practice of collection and
processing correspondence for mailing.  Under that practice it would be deposited within
12         the U.S. Postal Service on that same day with postage fully prepaid at Spokane,
Washington, in the ordinary course of business.  I am aware that on motion of the party
13         served, service is presumed invalid if postal cancellation date or postage meter date is
more than one day after date of deposit for mailing in declaration.

14   _x_    STATE: I declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct.

15

16   _x_    FEDERAL: I declare that I am employed in the office of a member of the Bar of this
Court at whose direction the service was made.

17        Executed on **May 18, 2011**, at Spokane, Washington.

18

19

20   _____          _Leslie Swift_
Leslie Swift                    [Signature]

21

22

23

24

25

26                                            PHILLABAUM, LEDLIN , MATTHEWS,
& SHELDON, PLLC
27                                               ATTORNEYS AT LAW
900 PAULSEN CENTER
421 W. Riverside
SPOKANE, WASHINGTON  99201-0413
28                                            TELEPHONE (509) 838-6055
FACSIMILE (509) 625-1909