UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-799-CAS (DTBx) | | Date | August 22, 2011 |
|---|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | | |

Present: The Honorable    CHRISTINA A. SNYDER

| RITA SANCHEZ | LAURA ELIAS | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jeffrey Tahir | Karl Kime |

**Proceedings:**   **DEFENDANT SOUTHEASTERN CALIFORNIA CONFERENCE OF SEVENTH-DAY ADVENTIST'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** (Filed 6/7/2011)

## I.    INTRODUCTION

On June 1, 2010, plaintiff Ronald Bowes filed a complaint in Riverside County Superior Court against defendants Christian Record Services ("CRS"), Southeastern California Conference of Seventh-Day Adventists ("SECC"), North American Division of the General Conference of Seventh-Day Adventists, the General Conference of Seventh-Day Adventists, five individuals, and Does 1-50.  Plaintiff's complaint alleges seven claims for relief, styled as: (1) wrongful termination; (2) discrimination on the basis of disability; (3) violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(a) et seq.; (4) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a) et seq.; (5) breach of contract; (6) fraud; and (7) wage and hour violations.

Defendants timely removed the case to this Court.  On June 7, 2011, SECC filed a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed R. Civ. P. 12(b)(6) and requested that the Court take judicial notice of several documents in support of its motion.  Pursuant to Federal Rule of Evidence 201, the Court hereby takes judicial notice of the following documents: SECC's articles of incorporation; the California Secretary of State's corporation webpage for SECC; CRS's articles of incorporation; Nebraska Secretary of State's corporation webpage for CRS; and defendant SECC's Exhibit A, the settlement agreement and release between Bowes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-799-CAS (DTBx) | Date | August 22, 2011 |
| --- | --- | --- | --- |
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

and CRS.[1]  After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.     BACKGROUND

On January 11, 2007, plaintiff filed a "Disability Discrimination" complaint with the Equal Employment Opportunity Commission ("EEOC") stemming from allegedly improper treatment by his employer CRS.  Compl. ¶ 41.  On July 10, 2007, plaintiff and CRS entered into a settlement agreement and release in which CRS allegedly promised, inter alia, reinstatement of employment.  Id. ¶ 42.  On March 13, 2008, plaintiff was terminated by CRS.  Id. ¶ 50.  As a result, plaintiff filed a second complaint with the EEOC.  Id. ¶ 52.  The EEOC thereafter issued to plaintiff a right to sue letter.  Id. ¶ 53. Plaintiff thereafter filed the complaint herein.

The complaint alleges that plaintiff was "hired by DEFENDANT, CHRISTIAN RECORD SERVICES, which is an entity beholden to . . . DEFENDANT, SOUTHEASTERN CALIFORNIA CONFERENCE OF SEVENTH-DAY ADVENTISTS."  Compl. ¶ 22.  Paragraph 22 is the only paragraph containing any substantive reference to SECC's relationship to plaintiff.

## III.    LEGAL STANDARD

---

[1]Although when ruling on a Rule 12(b)(6) motion a court generally cannot consider materials outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials), see In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998), a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  Federal Rule of Evidence 201 authorizes a court to take judicial notice of "matters of public record," Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986), or any other "adjudicative" facts, which are "facts concerning the immediate parties."  See United States v. Gould, 536 F.2d 216, 219 (8th Cir. 1976); In re Homestore.com, Inc. Sec. Lit., 347 F. Supp. 2d 814, 816-17 (C.D. Cal. 2004). Accordingly, the Court judicially notices the above listed documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

$\circ$

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-799-CAS (DTBx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

### A.    Fed R. Civ. P. 12(b)(6)

A Fed R. Civ. P. 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B.    Fed R. Civ. P. 9(b)

Rule 9(b) requires that the circumstances constituting a claim for fraud be plead with particularity.  Fed R. Civ. P. 9(b).  The circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-799-CAS (DTBx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

wrong." <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001) (citations omitted). Accordingly, "averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted). If "allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim" pursuant to Rule 12(b)(6). <u>Id.</u> at 1107.

## IV.    DISCUSSION

SECC moves to dismiss all claims for relief for failure to state a claim because plaintiff has not alleged an employment relationship between him and SECC. SECC also moves to dismiss the fraud claim for failure to plead fraud with particularity under Fed R. Civ. P. 9(b).[2] The Court addresses plaintiffs claims for wrongful employment practices, wrongful termination, breach of contract, and fraud in turn.

### A.    The Employment-based Claims

SECC argues that plaintiff cannot succeed on his employment-based claims because plaintiff fails to allege an employer-employee relationship with SECC. Mot. at 5-6. SECC asserts that "[p]laintiff cannot plausibly allege that an employment relationship existed between him and SECC." SECC notes that plaintiff explicitly alleges that he was hired by CRS. <u>Id.</u> at 6. Furthermore, SECC contends, plaintiff has not alleged that SECC is the "alter ego" of CRS. <u>Id.</u> at 6-10.

Plaintiff responds that "each of [the defendants] . . . were acting as agents and/or employees of each other," and that, taken together with paragraph 22 referenced above, "there is an employment relationship between all of the entity defendants." Opp. at 6.

---

[2]SECC argues two alternative theories for why the claims should be dismissed. Specifically, it asserts that (1) it cannot be found liable on any claims arising under FEHA because it is a non-profit religious organization, and (2) the first two claims are time-barred. Mot. at 11-13. Because the Court finds that an employer-employee relationship or an alter ego theory must be alleged before any claims may go forward against SECC and that plaintiff has failed to plead fraud with sufficient particularity, the Court declines to reach the merit of these alternative arguments. <u>See</u> <u>infra</u>.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-799-CAS (DTBx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

Plaintiff further argues that because "[p]laintiff's pay rate was expressly determined based upon the pay schedule of [SECC]," plaintiff must have been employed by SECC.

The face of the complaint belies plaintiff's assertion that there was an employment relationship between him and SECC.  The only substantive reference in the complaint as to plaintiff's relationship with SECC is that CRS, who "hired" plaintiff, is "beholden" to SECC.  Compl. ¶ 22.  This assertion both ignores the separate corporate statuses of CRS and SECC and fails to aver that plaintiff indeed was employed by SECC.  The complaint also fails to allege any facts supporting an "alter ego" theory or any other basis for SECC's liability for employment-based claims.

Without any allegations of an employment relationship between plaintiff and SECC, each of the employment-based claims must be dismissed as to SECC.  Specifically, insofar as plaintiff claims that he was wrongfully terminated based on disability, he must allege an employer-employee relationship with SECC.  The same is true with regard to wage and hour violations.  Although the complaint fails to indicate the statutory, rule-based, or constitutional grounds for the first and second claims, the result is the same to the extent the claims arise under FEHA or the ADA.  See Compl. ¶¶ 54-69; compare Mot. at 11 with Opp. at 8.  FEHA bars the "unlawful *employment* practice" of an "employer" discriminating on the basis of disability.  Cal. Gov't Code     § 12940(a) (emphasis added).  Similarly, relief under the ADA depends on the "Equal *Employment* Opportunit[y] Commission" charge, which clearly requires an "employment" relationship.  Opp. at 8 (emphasis added).

The Court accordingly dismisses the first, second, third, fourth, and seventh claims as to SECC with leave to amend.

**B.    The Breach of Contract Claim**

SECC next contends that it cannot be found liable on the fifth claim for breach of contract because it was not a party to the contract.  Mot. at 13.  It notes that "[n]owhere in the pages of that contract does SECC appear.  SECC is not in the recitation of parties on page one . . . SECC is not listed on the signature pages, nor is there a signature that purports to be from a representative of SECC."  Id. at 14.

Plaintiff responds that "any contract with [CRS] that is executed in California or is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-799-CAS (DTBx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

with regard to California employment is, in effect, a contract with SECC," and that therefore SECC is a proper party to the breach of contract action. Opp. at 10. In other words, plaintiff theorizes that there existed employment relationships between SECC and CRS and CRS and plaintiff, and therefore there was an employment relationship between SECC and plaintiff. See id.

As discussed above, the Court finds that plaintiff has failed to assert any facts pointing to an employment relationship between him and SECC, a prerequisite for finding SECC is breach of the present contract. The complaint offers the essential terms of the contract, which include "reinstatement of employment" and "documents and information necessary for employment." Compl. ¶ 88. Clearly, without a preexisting employment relationship between SECC and plaintiff, or some allegation demonstrating that SECC had some alter-ego or controlling relationship with CRS, SECC could not offer "reinstatement" of employment. Because plaintiff has failed to allege any such relationship between him and SECC, the breach of contract claim fails. However, because it cannot be said that plaintiff has no possible basis for amending, the dismissal is with leave to amend.

### C.     The Fraud Claim

Finally, SECC moves to dismiss plaintiff's sixth claim for fraud for failure to state a claim with particularity under Rule 9(b). Mot. at 14. SECC argues that plaintiff failed to indicate "who made the representation, the time, place or person responsible for the allegedly fraudulent representation." Id. SECC notes that plaintiff merely asserted the claim against "all DEFENDANTS," which is a collective term "comprising three entities and five individuals" and therefore lacks particularity. Id.

Plaintiff states somewhat ambiguously that "there are corporate and individual defendants" and that "[t]he [allegedly fraudulent] statements were made by individuals in their roles as individuals and on behalf of the corporate defendants." Opp. at 11. Plaintiff asserts that this is particularized enough to satisfy Rule 9(b). Id.

Before reaching the merit of Rule 9(b)'s "particularity" requirement, the Court finds that, based on what has been alleged in the complaint, plaintiff's fraud claim as to SECC is contingent on pleading some connection between plaintiff and SECC. The complaint asserts that "DEFENDANTS represented to PLAINTIFF that [they] . . . would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-799-CAS (DTBx) | Date | August 22, 2011 |
|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

. . . reinstate PLAINTIFF'S employment to full time status [and] provide PLAINTIFF with documents and information necessary to employment." Compl. ¶ 94. The complaint further alleges that these statements "induced" plaintiff to "enter into the Settlement Agreement and Release" with CRS. Id. ¶ 97. This claim may proceed only if plaintiff pleads either an employer-employee relationship between him and SECC or alleges that SECC has some alter-ego or controlling relationship with CRS.

Even if the fraud claim is not premised on an employer-employee relationship or an alter ego theory, plaintiff must meet the Rule 9(b) particularity requirements. The Court finds that plaintiff has failed to state the "who, what, when, where, and how" of the alleged fraud. Fed R. Civ. P. 9(b); Vess, 317 F.3d at 1106. Plaintiff asserts his claims against three entities and five defendants, yet repeatedly alleges fraudulent conduct collectively against "DEFENDANTS." Compl. ¶¶ 94-99. Plaintiff fails to plead with particularity who stated what, when, or where.[3] Such ambiguous allegations are not "specific enough to give defendants notice of the particular misconduct" and must fail under Rule 9(b). Bly-Magee, 236 F.3d at 1019.

**V.     CONCLUSION**

In light of the foregoing, the Court GRANTS defendant SECC's motion to dismiss with leave to amend. Plaintiff shall file an amended complaint within **twenty (20)** days after the filing of this order. In the event that plaintiff does not amend his complaint within twenty (20) days, the Court will dismiss these claims with prejudice.

IT IS SO ORDERED.

00     :     00

---

[3]For example, the complaint states that "DEFENDANTS represented to PLAINTIFF that DEFENDANTS would pay PLAINTIFF a sum" of money; that the "representations made by DEFENDANTS were in fact false"; that "DEFENDANTS knew them to be false"; and that the "conduct of DEFENDANTS was an intentional misrepresentation." Compl. ¶¶ 94-96, 99. None of these statements clearly indicates which entity or person made the statements, what the statements were, where they occurred, or when they occurred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-799-CAS (DTBx) | Date | August 22, 2011 |
|----------|----------------------|------|-----------------|
| Title    | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

Initials of Preparer    RS