UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-799 CAS (DTBx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | ANNE KIELWASSER | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Jeffrey Tahir (By Telephone) | Karl Kime<br>Roland Bainer<br>James Kizziar, Jr. | |

**Proceedings:** **DEFENDANT SOUTHEASTERN CALIFORNIA CONFERENCE OF SEVENTH-DAY ADVENTISTS MOTION TO DISMISS** (filed 3/14/2012)

**DEFENDANTS CHRISTIAN RECORD SERVICES, INC. MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO QUASH SERVICE OF PROCESS** (filed 3/19/2012)

**DEFENDANTS GENERAL CONFERENCE AND NORTH AMERICAN DIVISION OF SEVENTH-DAY ADVENTISTS MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS** (filed 4/20/2012)

**I. INTRODUCTION & BACKGROUND**

On January 11, 2007, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination by his employer Christian Record Services ("CRS"). On July 10, 2007, plaintiff and CRS entered into a settlement agreement and release in which CRS allegedly promised, inter alia, reinstatement of plaintiff's employment. On March 13, 2008, plaintiff was terminated by CRS. As a result, plaintiff filed a second complaint with the EEOC. The EEOC thereafter issued to plaintiff a right to sue letter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-799 CAS (DTBx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

    On June 1, 2010, plaintiff Ronald Bowes filed the instant action in Riverside County Superior Court against defendants CRS, Southeastern California Conference of Seventh-Day Adventists ("SECC"), North American Division of the General Conference of Seventh-Day Adventists ("North American Division"), the General Conference of Seventh-Day Adventists ("General Conference"), four individuals (Larry Pitcher, Keith Elliot, Sherrick Hiscock, Ron Rigby (collectively, "Individual Defendants")), and Does 1–50. SECC timely removed to this Court on May 20, 2011. On August 22, 2011, the Court granted SECC's motion to dismiss the complaint with leave to amend, concluding that plaintiff failed to adequately allege that he maintained an employment relationship with SECC. Plaintiff thereafter filed a first amended complaint ("FAC") against the same defendants on September 11, 2011. The FAC alleges seven claims for relief, styled as: (1) wrongful termination; (2) discrimination on the basis of disability; (3) violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(a) et seq.; (4) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a) et seq.; (5) breach of contract; (6) fraud; and (7) wage and hour violations. Dkt. No. 21.

    On November 15, 2011, SECC filed a motion to dismiss the FAC, and on November 22, 2011, CRS and the Individual defendants filed a motion to dismiss for failure to prosecute on the ground that they had not been served with the summons and complaint. By order dated January 9, 2012, the Court granted SECC's motion to dismiss without prejudice, concluding that plaintiff again failed to allege an employment relationship with SECC. The Court found that plaintiff had failed to prosecute as to the Individual Defendants and ordered plaintiff to effectuate service on them within 30 days. The Court denied the motion as to CRS on the ground that the Riverside County Superior Court docket entry dated May 13, 2011 indicated that the presiding judge accepted plaintiff's proof of service on CRS, and CRS had not provided sufficient evidence to the contrary.

    Plaintiff filed a second amended complaint ("SAC") on January 30, 2012, alleging the same seven claims against the same corporate defendants, but chose not to assert claims against any individual defendants.[1] SECC filed a motion to dismiss the SAC on

---

[1] At oral argument, counsel for Larry Pitcher argued that his client has not yet been served. Plaintiff's counsel stated that plaintiff does not seek relief against the Individual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-799 CAS (DTBx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

March 14, 2012. CRS filed a motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5) or, alternatively, a motion to quash service of process on March 19, 2012. On April 20, 2012, General Conference and North American Division filed a motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5). Plaintiff filed oppositions to the three motions on May 14, 2012. CRS filed its reply on May 15, 2012. The Court held a hearing on the matter on May 21, 2012. After considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.   LEGAL STANDARD**

   **A.   Fed. R. Civ. P. 12(b)(5)**

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." Wasson v. Riverside Cty., 237 F.R.D. 423, 424 (C.D. Cal. 2006) (internal quotation marks and citation omitted). "When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." Beatie and Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 384 (S.D.N.Y. 2006) (internal quotation marks and citation omitted); see also Kexuan Yao v. Crisnic Fund, S.A., 2011 WL 3818406, at *2 (C.D. Cal. Aug. 29, 2011) (same).

   **B.   Fed. R. Civ. P. 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

---

Defendants, as evidenced by the fact that the SAC does not assert claims against any individuals. Accordingly, the Individual Defendants are no longer parties to this litigation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-799 CAS (DTBx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

  In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

  Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

  For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

  As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-799 CAS (DTBx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**III.   DISCUSSION**

    **A.   Sufficiency of Service of Process**

Three defendants—CRS, General Conference, and North American Division—contend that service of the summons and complaint was insufficient under both California law (prior to removal) and federal law (following removal) such that the complaint should be dismissed or, alternatively, that the summons should be quashed.

Plaintiff asserts that service of process was proper as to all three defendants for the same reason. Specifically, plaintiff maintains that he took the following steps: first, he referred to the website of the California Secretary of State and discovered that there was allegedly no entry for CRS, General Conference, or North American Division. Opp'n at 5–7. Based on this alleged omission from the Secretary of State website, plaintiff reasoned that service on each entity could be effectuated at the address listed for SECC at 113300 Pierce Street, Riverside, CA, 92504.[2] Id. Plaintiff therefore personally served copies of the summons and complaint for all three entities at that address. Id. Alternativey, plaintiff argues that each entity had "actual knowledge" of service because CRS's counsel appeared at the January 9, 2012 hearing on the prior motions, and counsel for SECC is also counsel for General Conference and North American Division. Id.

As set forth below, plaintiff has failed to effectuate service of a copy of the summons and complaint with regard to any of the three moving parties.

---

    [2]Plaintiff inadvertently listed the address as "1100 Pierce Street" in his proofs of service.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-799 CAS (DTBx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

    **1.**    **Service on CRS**[3]

    California Code of Civil Procedure provides two means by which an out-of-state corporation such as CRS may be served.[4]  First, the corporation may be served through the California Secretary of State authorized agent pursuant to Cal. Corp. Code § 1702.  Second, the corporation may be served by certified mail pursuant to Cal. Code Civ. P. § 415.40.  Plaintiff has not complied with these rules.  Contrary to plaintiff's assertion, the California Secretary of State website lists Arnold Trujillo as CRS's authorized service agent.[5]  However, Trujillo has not been served in this action.  See Declaration of Arnold Trujollo ("Trujillo Decl.") ¶ 4.  Moreover, CRS's attorney James Kizziar, Jr. also has not accepted service on behalf of CRS.  See Declaration of James H. Kizziar, Jr. ("Kizziar Decl.") ¶ 9.  Plaintiff thus has not served any registered agent of CRS with a copy of the summons and complaint.  Moreover, plaintiff has not contended that he sent a copy of the summons and complaint by certified mail.  Accordingly, plaintiff had not properly served CRS at the time of removal.  Cal. Corp. Code § 1702; Cal. Code Civ. P. § 415.40.

    The removal statute, 18 U.S.C. § 1448, provides that for any service that was defective under state laws, the plaintiff must serve "in the same manner as in cases originally filed in such district court."  18 U.S.C. § 1448.  As with the California rules, serving a corporation pursuant to Fed. R. Civ. P. 4 requires a plaintiff to either comply

---

    [3]Although the Court previously found that CRS had been adequately served by virtue of the Riverside County Superior Court's apparent acceptance of service, the Court did not have all the facts before it, such as sworn declarations from CRS's authorized agent that he was never served in this action.

    [4]The Court previously took judicial notice of the fact that CRS is a Nebraska corporation separate and apart from SECC.  Dkt. No. 41 at 5.

    [5]It is unclear why plaintiff maintains that CRS is not listed on California's Secretary of State's website.  CRS can be found by clicking on the "Corporation Name" box and searching for "Christian Record Services" on the California Secretary of State website located at http://kepler.sos.ca.gov/cbs.aspx.  The site lists CRS's entity number as C0293858; its address at P.O. Box 6097, Lincoln, NE, 68506; and its agent for service of process as Arnold Trujillo, located at 2685 Townsgate Road, Westlake Village CA, 91361.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-799 CAS (DTBx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

with state laws, or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(A), (h)(1)(B).

Here, as set forth above, plaintiff failed to serve CRS's authorized agent with a copy of the summons and complaint as required by Rule 4. Accordingly, the Court "must dismiss the action without prejudice against [CRS] or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

The Court concludes that, rather than dismiss the action, the summons should be quashed. Accordingly, the Proof of Service of Summons filed with the Court on May 13, 2011 is QUASHED as to CRS. Plaintiff shall have **thirty (30)** days to effectuate proper service as to CRS. Failure to do so will result in the dismissal of CRS with prejudice.

### 2. Service on General Conference and North American Division

In the caption of his complaint, plaintiff asserts that the General Conference and North American Division are entities of "unknown form." Cal. Code Civ. P. § 415.95(a) governs this situation:

> (a) A summons may be served on a business organization, form unknown, by leaving a copy of the summons and complaint during usual office hours with the person who is apparently in charge of the office of that business organization, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid, to the person to be served at the place where a copy of the summons and complaint was left.

Cal. Code Civ. P. § 415.95(a).

Here, the undersecretary of the General Conference has stated that it is an unincorporated association that operates out of Silver Spring, Maryland. See Declaration of Myron Iseminger ("Iseminger Decl.") ¶ 2. Iseminger asserts that the North American Division is the name of a division within the General Conference and therefore has no independent legal status apart from the General Conference. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-799 CAS (DTBx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

Plaintiff's attempt to serve the General Conference and North American Division by leaving a copy of the summons and complaint at SECC's address in Riverside, California is insufficient under Cal. Code Civ. P. § 415.95(a) because the General Conference is located in Maryland. Further, the authorized agent for SECC, Charles McKinstry, has stated that he is not authorized and has not accepted service on behalf of the General Conference and North American Division. See Declaration of Charles McKinstry ("McKinstry Decl.") ¶¶ 2, 3. Therefore, at the time this action was removed, service was improper. For these same reasons, plaintiff has not complied with Fed. R. Civ. P. 4(h) or 4(m), because service was not effectuated in accordance with the federal rules within 120 days following removal.

Accordingly, the Proof of Service of Summons filed with the Court on May 13, 2011 is therefore QUASHED as to the General Conference and North American Division. Plaintiff shall have **thirty (30)** days to effectuate proper service as to these parties. Failure to do so will result in their dismissal with prejudice.

      **B.**    **SECC's Motion to Dismiss**

In all three versions of the complaint, plaintiff alleges that his employer, CRS, is "beholden to" SECC and other Seventh-Day Adventist organizations in an attempt to plead connections among the various entities. Compl. ¶ 22; FAC ¶ 22; SAC ¶ 18. In dismissing the FAC, the Court found that judicially noticeable documents demonstrated that SECC and CRS are separate corporate entities and that CRS is authorized to do business in California. See Dkt. No. 41 at 5. The Court therefore rejected plaintiff's bare-bones allegation that CRS and SECC are the "same" corporation under a different name—the only theory under which plaintiff attempted to connect SECC to his employment with CRS. Id. at 5–6.

The SAC is identical to the FAC in nearly all respects, aside from the addition of paragraphs 40 through 45. The only issue is whether the new averments are sufficient to allege an employment relationship between plaintiff and SECC. The new allegations are as follows:

    40.    PLAINTIFF is informed and believes and on that bases alleges that, in the region in which PLAINTIFF was employed, those employees working for DEFENDANT, CHRISTIAN RECORD SERVICES are actually employees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-799 CAS (DTBx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

        of DEFENDANT, SOUTHEASTERN CALIFORNIA CONFERENCE OF SEVENTH DAY ADVENTISTS.

41. PLAINTIFF alleges that he reported directly to personnel at DEFENDANT, CHRISTIAN RECORD SERVICES and personnel at DEFENDANT, SOUTHEASTERN CALIFORNIA CONFERENCE OF SEVENTH DAY ADVENTISTS.

42. PLAINTIFF alleges that DEFENDANT, SOUTHEASTERN CALIFORNIA CONFERENCE OF SEVENTH DAY ADVENTISTS annually releases a directory of employees in which PLAINTIFF was included as were all similarly situated people working for DEFENDANT, CRHISTIAN [sic] RECORD SERVICES.

43. PLAINTIFF alleges that the territory in which he worked was defined by DEFENDANT, SOUTHEASTERN CALIFORNIA CONFERENCE OF SEVENTH DAY ADVENTISTS.

44. PLAINTIFF alleges that tools required for his employment were provided by DEFENDANT, SOUTHEASTERN CALIFORNIA CONFERENCE OF SEVENTH DAY ADVENTISTS.

45. PLAINTIFF alleges that he reported directly to DEFENDANT, SOUTHEASTERN CALIFORNIA CONFERENCE OF SEVENTH DAY ADVENTISTS.

SAC ¶¶ 40–45.

     Plaintiff contends that these allegations are sufficient because a Rule 12(b)(6) motion "must rely solely on the pleadings" and that it is "generally enought o allege facts such that, if the facts alleged are found true, a finding in [p]laintiff's favor could result." Opp'n at 6–7. Much of the remainder of plaintiff's arguments revolve around already-rejected arguments, such as plaintiff's assertion that SECC is CRS "known by another name" or, alternatively, that CRS is "illegally doing business" in California. Id. at 8–9. The Court declines to revisit these contentions. See Dkt. No. 41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-799 CAS (DTBx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

Whether plaintiff is an employee of SECC is a legal conclusion. See, e.g., Harris v. Vector Marketing Corp., 656 F. Supp. 2d 1128, 1136 (N.D. Cal. 2009). As such, it "must be supported by factual allegations." Iqbal, 129 S.Ct. at 1950. Each of the newly pled allegations, however, are conclusory in nature and are not supported by concrete facts. For example, plaintiff alleges that he reported to "personnel" at SECC, yet does not identify any individuals. Similarly, plaintiff avers that a "directory" lists plaintiff as one of SECC's employees, yet does not identify the directory or allege how such a listing confers employment status on plaintiff. Such conclusory allegations are insufficient to withstand a motion to dismiss because they fail "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Further, each of the new allegations is belied by averments in the SAC that plaintiff was an employee of CRS, an entity "beholden" to SECC. Throughout this litigation, plaintiff has maintained that he is an employee of SECC because CRS is simply SECC by another name. If not, according to plaintiff, CRS is "illegally doing business" in California. However, the Court rejected these arguments because judicially noticeable documents demonstrate the corporate separateness of the two entities. Dkt. Nos. 20, 41. Plaintiff's attempt now to allege that he "reported" to SECC does not render plaintiff's entitlement to relief plausible, because the Court must read the complaint "as a whole." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) ("[T]he complaint should be read as a whole."); Vila v. Inter-Am. Inv. Corp., 570 F.3d 274, 285 (D.C. Cir. 2009) (factual allegations should be "[v]iewed in their totality"); Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1253 n.11 (11th Cir. 2005) ("[T]he placement of the paragraph in another count is unimportant . . . . We read the complaint as a whole."); Twombly, 550 U.S. at 569 n.14 ("[T]he complaint warranted dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible."). Viewing the SAC as a whole, plaintiff's new allegations fail to demonstrate an employment relationship between him and SECC.

Accordingly, plaintiff's conclusory allegations that contradict other allegations in the SAC fail as a matter of law. SECC's motion to dismiss is therefore GRANTED without prejudice. Plaintiff is directed to allege specific, concrete facts to support his allegation that SECC was his employer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-799 CAS (DTBx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | RONALD BOWES v. CHRISTIAN RECORD SERVICES; ET AL. | | |

## IV.   CONCLUSION

In accordance with the foregoing, the Proof of Service of Summons filed on May 13, 2011 as to CRS, the General Conference, and the North American Division are hereby QUASHED.  Plaintiff shall have **thirty (30)** days from the date of this order to properly serve a copy of the summons and complaint on these entities in accordance with Fed. R. Civ. P. 4.  Failure to do so will result in their dismissal with prejudice.

SECC's motion to dismiss is GRANTED without prejudice.  Plaintiff shall have **thirty (30)** days to file a third amended complaint.  Failure to do so will result in dismissal of this action with prejudice.

IT IS SO ORDERED.

|  |  | 00 | : | 15 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |